UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PREMNARINE NARAIN, on behalf of
themselves and all others similarly-situated,

                Plaintiff,                    **ORDER**
                                                      15 CV 952 (CLP)

            - against -

OTG MANAGEMENT, INC., and OTG
MANAGEMENT JFK, LLC, and OTG
MANAGEMENT T8 LLC

                Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On February 24, 2015, Premnarine Narain ("plaintiff"), on behalf of himself and all others similarly-situated, commenced this action against OTG Management, Inc., and OTG Management JFK, LLC, and OTG Management T8 LLC (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On April 29, 2016, the parties notified the Court that they had reached a resolution in the action. On June 10, 2016, the parties consented to proceed before the undersigned for all further proceedings. On June 13, 2016, counsel for plaintiff filed a letter on behalf of the parties seeking the Court's approval of the settlement. (See Pl.'s Ltr.[1]). The parties also submitted the settlement agreement and supporting documents explaining why the settlement is fair and reasonable. On September 12, 2016, a fairness hearing was held before the undersigned.

Plaintiff's letter, which was filed with defendants' consent, asserts that the proposed

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter, filed on June 13, 2016.

settlement of plaintiff's FLSA claims for $25,000.00 is fair and reasonable. According to the parties, plaintiff alleged that he was mischaracterized under the FLSA as an exempt "manager" and thus did not receive overtime pay that he was entitled to. (Id. at 2). Since he allegedly worked approximately 50 hours per week, plaintiff calculated that he was owed and not paid approximately $52,867.20 in actual damages. (Id. at 2-3). Based on the FLSA's liquidated damages provisions, plaintiff's original claim was for a total of approximately $105,734.40. (Id. at 3).

However, plaintiff acknowledges that if he was properly classified as exempt under the FLSA, he would not be entitled to any recovery. (Id.) According to the parties, plaintiff gave testimony at his deposition that could be potentially damaging to his claim of misclassification in that it appears he may have exercised supervisory authority over some other employees. (Id.) In addition, plaintiff recommended the hiring and firing of subordinates, interviewed prospective employees, and that his "primary duty was managing his department." (Id.) The parties believe that the settlement amount of $25,000.00 is more than plaintiff would likely receive if the litigation were to continue, and therefore they believe that the settlement is fair and reasonable. (Id.)

As to attorney's fees and costs, the parties have indicated that plaintiff's counsel will receive a total of $9,083.90,[2] comprised of $8,333.33 in fees (calculated at one-third of the settlement amount) and $750.57 as reimbursement for counsel's expenses. (Id. at 2). Plaintiff's counsel submitted contemporaneous time records and expense statements for the hours worked

---

[2] At the fairness hearing plaintiff's counsel represented that counsel would receive $9,437.00 in fees and costs, or $353.10 more than the amount indicated in the parties' letter. To the extent the parties seek approval of any excess amount beyond the $9,083.90 requested in the parties' letter, that request is denied without prejudice to the parties showing why that amount is fair and reasonable.

by counsel as well as the expenses it incurred on this case. (See Pl.'s Ltr., Exs. B, C). Plaintiff believes that the amount is reasonable because a fee of one-third of the settlement amount is generally accepted in this district and because the amount is less than plaintiff would otherwise be entitled to if he were to apply for fees using the standard lodestar method generally applied on motions for attorney's fees. (Id. at 3-4).

In light of the Second Circuit's decision in Cheeks v. Freeport Pancake House, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199 (2d Cir. 2015); see also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1947). Having reviewed plaintiff's submission, conducted a fairness hearing with the parties, and being familiar with the case as a result of overseeing the extensive settlement discussions with the parties, the Court finds the settlement and amount allocated to attorney's fees and costs as indicated in plaintiff's letter to be fair and reasonable under all the factors and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

SO ORDERED.

Dated: Brooklyn, New York
September 12, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York